**In re HENRY.**

District Court, D. New Jersey.

Feb. 24, 1936.

S. F. Peavey, Jr., of New York City, and Philip W. Grece, of Jersey City, N. J., for claimant Chase Nat. Bank of City of New York.

Mark A. Sullivan, of Jersey City, N. J., for trustee.

Saul Nemser, of Jersey City, N. J., for bankrupt.

FAKE, District Judge.

The issues here arise on a petition to review an order made by the referee in the above matter requiring the Chase National Bank to turn over and deliver certain securities to the trustee in bankruptcy.

The bankrupt, being the owner of five bonds of the International Telephone & Telegraph Corporation and 788½⁄₂₀₀ shares of Electric Bond & Share Company, loaned the same to the North Hudson National Securities Corporation, of which he was president. The National Securities Corporation in turn pledged the securities as collateral for a loan made to it by the Chase National Bank. The bankrupt, Archibald M. Henry, was adjudicated a bankrupt on October 26, 1931. Prior thereto, and on August 21, 1931, the collateral loan above mentioned was paid off, but the securities remained with the bank.

In 1929 the bankrupt personally borrowed money from the Chase National Bank securing his loan by other collateral, and his note contained the following clauses:

"As security for the payment of the foregoing note * * * the undersigned hereby pledges to the Bank all such securities capable of pledge, * * * and gives it a general lien upon * * * any part thereof incapable of pledge. * * *

"The term 'security' as herein used shall include * * * bonds, stocks, choses in action * * *, or any interest, in any thereof, and any other property, rights, or interest of the undersigned, which have been or at any time shall be delivered to the Bank * * * for any purpose whether or not accepted for the purpose or purposes for which they are delivered * * * and all bonds, stocks * * * as shall have come into the possession, control, or custody of the Bank, subject to the order or otherwise for the benefit or under the control of the undersigned."

It will be seen that the loan made to the North Hudson National Securities Corporation was paid off within four months preceding the filing of the petition in bankruptcy herein, thus releasing bankrupt's hypothecated collateral, in so far as that particular loan was concerned. The bank now claims the right to apply the same in payment of bankrupt's personal loan under the clauses in his note above referred to. The bank filed its proof of claim and failed to set out the securities with which we are concerned, affirming that it held "no other manner of security for said debt."

■ The rule to be applied here is stated in Re Herkimer Mills Co. (D.C.) 39 F.(2d) 625, 628, wherein the court held: "It would seem that such an agreement should so definitely describe the things pledged as to support an action for specific performance." And again: "Where the agreement to give pledge or other security is made prior to the four-month period, but not executed until within that period, it is void as a preference under the Bankruptcy Law." It therefore follows from the facts and the law as above stated that the Chase National Bank is without authority to apply the securities in question to the payment of bankrupt's personal loan. The title to said securities is vested in the trustee in bankruptcy.

■ It is contended further that the referee had no jurisdiction to make the order. A complete answer to this contention is found in the appearance of the Chase National Bank as a claimant herein, setting forth its claim and its statement as to the securities it held. It was not a stranger to these proceedings.

An order will be entered affirming the referee.